# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**

September 18, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**DEBORA L. WHITE,**
**Claimant Below, Petitioner**

**vs.)   No. 13-1155**  (BOR Appeal No. 2048384)
(Claim No. 970061234)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**WEIRTON MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Debora L. White, by M. Jane Glauser, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. The West Virginia Office of the Insurance Commissioner, by Jon Snyder, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated October 25, 2013, in which the Board affirmed an April 22, 2013, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's March 7, 2012, decision granting Ms. White no additional permanent partial disability award. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

On May 6, 1997, Ms. White sustained multiple injuries when a patient she was assisting fell on top of her. Neither the initial report of injury nor the initial Order approving the claim is contained in the evidentiary record. However, it appears that Ms. White sustained compensable injuries to her left hip and left ankle, both of which required surgical repair. On November 3, 2006, the Office of Judges granted Ms. White a 24% permanent partial disability award for the compensable injuries to her left hip and left ankle, and this award was subsequently affirmed by both the Board of Review and this Court. On October 30, 2008, Bruce Guberman, M.D., performed an independent medical evaluation for the purpose of evaluating Ms. White for a possible permanent total disability award. In addition to the injuries sustained on May 6, 1997, he evaluated the amount of permanent impairment arising from three other, separate, work-related injuries. With respect to the May 6, 1997, left hip and left ankle injuries and resultant surgical procedures, he determined that Ms. White sustained 33% whole person impairment, with 25% impairment attributable to the left hip and 10% impairment attributable to the left ankle. Based upon Dr. Guberman's independent medical evaluation, the claim was reopened for further consideration of permanent partial disability benefits on June 28, 2010.

On January 9, 2012, Victoria Langa, M.D., performed an independent medical evaluation. She opined that Ms. White sustained 20% whole person impairment as a result of the left hip surgery, 4% whole person impairment as a result of the left ankle surgery, and 1% whole person impairment for inversion/eversion of the left ankle. On March 7, 2012, the claims administrator determined that Ms. White is not entitled to an additional permanent partial disability award for the compensable injuries to her left hip and left ankle.

In its Order affirming the March 7, 2012, claims administrator's decision, the Office of Judges held that Ms. White sustained 24% whole person impairment as a result of her compensable May 6, 1997, injuries and has therefore been fully compensated though the November 3, 2006, 24% permanent partial disability award. Ms. White disputes this finding and asserts that because the claim was reopened based upon Dr. Guberman's evaluation, she is entitled to a total permanent partial disability award of 33% based upon his opinion.

The Office of Judges found that Dr. Langa's report is the most persuasive report of record. In making its determination, the Office of Judges took note of the fact that Dr. Langa's examination took place more than three years after the examination performed by Dr. Guberman. The Office of Judges further noted that when utilizing the combined values chart of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993), the individual impairment ratings assigned to the left hip and left ankle by Dr. Langa equate to 24% whole person impairment. The Office of Judges then found that because Ms. White has already received a 24% permanent partial disability award arising from the injury to and subsequent surgical procedures performed on the left hip and left ankle, she has been fully compensated for the permanent impairment arising from these body parts. The Board of Review reached the same reasoned conclusions in its decision of October 25, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous

conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  September 18, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3